UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BALDOMERO GALINDO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:18-CV-417-TAV-DCP |
| | ) |
| SHAWN PHILLIPS, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM OPINION**

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which Petitioner brings several claims of ineffective assistance of trial and post-conviction counsel [Docs. 1, 1-1, and 1-2]. Now before the Court is Respondent's response to the petition, which notes that Petitioner, through counsel, has a second motion for new trial pending with the state criminal court and that a hearing on this motion was set for May 15, 2019 [Doc. 13]. Based on these allegations, Respondent requests that the Court stay this matter pending Petitioner's resolution of this second motion for new trial with this state court or dismiss the § 2254 without prejudice due to Petitioner's failure to exhaust his state-court remedies [*Id.*]. Petitioner did not file a response to Respondent's motion to dismiss, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. As such, Petitioner has waived any opposition thereto. E.D. Tenn. L.R. 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978). For the reasons set forth below, this action will be dismissed without prejudice due to Petitioner's failure to exhaust his available state-court remedies.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365–66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

On March 27, 2008, Petitioner was convicted of first-degree murder in the criminal court of Knox County, Tennessee [Doc. 1 p. 1]. Petitioner filed a motion for new trial, which the trial court denied due to late filing [Docs. 11-20 and 11-21]. Petitioner appealed his convictions, asserting three claims of trial-court error, including the claim that the trial court erred in determining that it lacked jurisdiction to hear Petitioner's motion for new

trial, and a claim that the verdict was against the weight of the evidence [Doc. 11-16 p. 3, 40–60]. The Tennessee Criminal Court of Appeals ("TCCA") affirmed Petitioner's conviction and sentence. *State v. Galindo*, No. E2009-00549-CCA-R3-CD, 2010 WL 4684469 (Tenn. Crim. App. Nov. 19, 2010).

Petitioner subsequently filed a petition for post-conviction relief asserting various claims, including one claim that he was denied effective assistance of counsel [Doc. 11-22 p. 5–6, 11–14]. The post-conviction court granted this petition in part by allowing Petitioner to file a motion for new trial [Doc. 11-25], which Petitioner's counsel filed [Doc. 13-1]. This second motion for new trial was still pending as of January 28, 2019, at which time it had a hearing set for May 5, 2019 [Docs. 13-1 and 13-2].

Although the record does not reflect the result of the hearing on Petitioner's second motion for new trial that was scheduled for May 5, 2019, it is apparent that Petitioner has not exhausted the claims in his § 2254 petition, as he has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Specifically, Petitioner did not present the claims in his § 2254 petition to the TCCA in his direct appeal, and nothing in the record suggests that Petitioner has filed an appeal of any denial of relief relating to his petition for post-conviction relief at this time. Therefore, this § 2254 petition will be **DISMISSED** without prejudice due to Petitioner's failure to exhaust state-court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982).

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate the Court's finding that Petitioner has not exhausted his state court remedies.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE